**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**SUSAN D. RAYL**
Smith Rayl Law Office, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRANDON BRUMMETT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A02-1304-CR-378 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marc T. Rothenberg, Judge
Cause No. 49G02-1206-FB-42411

**August 20, 2014**

**MEMORANDUM DECISION ON REHEARING – NOT FOR PUBLICATION**

**BAKER, Judge**

The State seeks rehearing following our opinion, <u>Brummett v. State</u>, 10 N.E.3d 78 (Ind. Ct. App. 2014), arguing that this Court failed to apply an appropriately high standard for fundamental error when reversing appellant-defendant Brandon Brummett's convictions for child molesting due to prosecutorial misconduct. The State argues that this Court should apply the fundamental error standard as recently articulated by our Supreme Court in <u>Ryan v. State</u>, 9 N.E.3d 663 (Ind. 2014), handed down June 3, 2014. We issue this opinion on rehearing but re-affirm our original decision in all respects, finding that the prosecutorial misconduct present in this case was much more egregious than that in <u>Ryan</u> and concluding that the prosecutor's misconduct did amount to fundamental error under the standard now to be used. Although we have granted rehearing, we reverse and remand for further proceedings.

VAIDIK, J., concurs, and BAILEY, J., concurs in result.